**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

*FILED*

09 JUN 10 AM II: 20

CLERK ...
MIDDLE DISTRICT OF COURT
TAMPA, FLORIDA FLORIDA

CERTAIN INTERESTED UNDERWRITERS
AT LLOYD'S, LONDON SUBSCRIBING TO
CERTIFICATE OF INSURANCE NO. 9214,

       **Plaintiff,**

vs.

Case No. *8:09 CV 1081 T/7TGW*

MICHAEL and EDITH HALIKOYTAKIS
d/b/a HALI PLAZA, CAMILLA
BERNHARDT and BRIAN BERNHARDT,
POINT BUILDERS, INC., a Florida
Corporation.

       **Defendants.**

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

    Plaintiff, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S, LONDON

SUBSCRIBING TO CERTIFICATE OF INSURANCE NO. 9214 seeks a Declaratory Judgment

pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against

Defendants, MICHAEL and EDITH HALIKOYTAKIS d/b/a HALI PLAZA, CAMILLA

BERNHARDT and BRIAN BERNHARDT, and POINT BUILDERS, INC., a Florida

Corporation, for the purpose of determining a question of actual, immediate controversy between

the parties.

## PARTIES

    1.    CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S, LONDON

SUBSCRIBING TO CERTIFICATE OF INSURANCE NO. 9214 (hereinafter "Underwriters")

are members of various syndicates that are located in and have their principal place of business



1

in London, England and are eligible to do business and to issue insurance policies in the State of Florida. Each syndicate is organized under the laws of the United Kingdom, with its principal place of business in London, England.

2.      Upon information and belief, and at all times pertinent, MICHAEL and EDITH HALIKOYTAKIS operated a business under the fictitious name HALI PLAZA (hereinafter, "Hali Plaza"). Upon information and belief, Hali Plaza was duly authorized, at all pertinent times, to transact business under the laws of the State of Florida.

3.      Upon information and belief, and at all times pertinent, CAMILLA BERNHARDT and BRIAN BERNHARDT (hereinafter, collectively "the Bernhardts"), were and still are, residents of Hillsborough County, Florida.

4.      Underwriters issued Certificate of Insurance No. 9214 (hereinafter, the "Policy") to Hali Plaza, effective April 1, 2008 to April 1, 2009. A copy of the Policy is attached as **Exhibit "A"** and incorporated as if set forth herein.

5.      The Bernhardts brought suit against Hali Plaza in the action styled, *Camilla Bernhardt and Brian Bernhardt v. Michael and Edith Halikoytakis d/b/a Hali Plaza, et. al.*, Case No. 08-CA-027260, in the Circuit Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida (the "Underlying Lawsuit"). A copy of the Second Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "B."**

6.      Hali Plaza filed a Cross-Complaint against POINT BUILDERS, INC., ("Point Builders") in the Underlying Lawsuit. A copy of Hali Plaza's Answer, Affirmative Defenses, Demand for Jury Trial, and Cross-Complaint against Point Builders in the Underlying Lawsuit is attached hereto as **Exhibit "C."**

2

7.     At all pertinent time, Point Builders was a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Tampa, Hillsborough County, Florida.

8.     As the plaintiffs in the Underlying Lawsuit, the Bernhardts are indispensible, necessary and/or interested parties to this action.

9.     As a cross-defendant in the Underlying Lawsuit, Point Builders is a indispensible, necessary and/or interested party to this action.

10.     Underwriters are currently defending Hali Plaza in the Underlying Lawsuit subject to a reservation of rights under the Policy.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

12.     Venue is proper in the United States District Court of the Middle District of Florida pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted below occurred within this District.

## NATURE OF THE CLAIM

13.     This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 for the purposes of determining the rights and obligations, if any, relative to an insurance policy. An actual, immediate controversy exists among the parties regarding whether coverage is afforded under the subject insurance policy for the claims and alleged damages that are the subject of the Underlying Lawsuit.

3

## INSURANCE POLICY

14.     Underwriters issued Certificate No. 9214 (the "Policy") to Hali Plaza, effective April 1, 2008 to April 1, 2009.  A copy of the Policy is attached as **Exhibit "A"** and incorporated as if set forth herein.

15.     The Policy includes Commercial General Liability Coverage with limits of $1 million each occurrence/$2 million general aggregate, accordance to the terms, exclusions, limitations, definitions, and conditions stated in the Policy.

16.     The scope of coverage provided in Coverage A - Bodily Injury and Property Damage Liability of Policy issued by Underwriters to Hali Plaza provides in pertinent part as follows:

**SECTION 1 – COVERAGES**
**COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**

1.     **Insuring Agreement**

    a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any  "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

    b.     This insurance applies to "bodily injury" and "property damage" only if:

        (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

4

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no Insured … knew that the "bodily injury" or "property damage" had occurred, in whole or in part…

\*\*\*

(See Ex. A, Form CG 00 01 12 04).

17.    The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (See Ex. A).

18.    Under the Policy, "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from these at any time." (See Ex. A).

19.    Under the Policy, "property damage" means "physical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured." (See Ex. A).

20.    Pursuant to GSC-GL-001 (09/07) Combined General Liability Endorsement, the Policy is subject to an Classification Limitation which provides as follows:

> This insurance applies only to locations and operations that are described under "business description" and/or "classification" on the Declarations page or Extension of Declaration page of this policy. If any operation(s) and/or location(s) are not so described, they are not covered hereunder.

(See Ex. A, Form GSC-GL-001 E (09/07)).

21.    The business description in the Common Policy Declarations of the Policy is "Property Owner/LRO [Lessor's Risk Only]" for the premises located at 1422-1440 Apollo Beach Boulevard, Apollo Beach, Florida, 33572. (See Ex. A, Common Policy Declarations).

5

22.     Upon information and belief, Hali Plaza's property is a strip plaza, with 10 units in it, and the 10 units of the property are all of the even numbers at 1422-1440 Apollo Beach Boulevard, Apollo Beach, Florida, 33572: 1422, 1424, 1426, 1428, 1430, 1432, 1434, 1436, 1438, 1440 (the "Hali Plaza Strip Plaza").

23.     According to the Supplemental Declarations, the classification for the Policy is "Buildings or Premises-bank or office-mercantile or manufacturing (LRO)." (See Ex. A, Supplemental Declarations).

24.     Pursuant to the Limitation of Coverage to Designated Premises or Project Endorsement of the Policy (Form No. CG 21 44 07 98), the insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of 1) the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises, or 2) the project shown in the schedule. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.)

25.     The Limitation of Coverage to Designated Premises or Project Endorsement states that if no entry appears in the endorsement as to premises or project, information required to complete the endorsement will be shown in Declarations as applicable to the endorsement. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.) The Declarations page lists the "Location of all premises you own, rent or occupy" as "1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572." (See Ex. A, Common Policy Declarations).

26.     Pursuant to the Limitation of Coverage to Designated Premises or Project Endorsement, the Policy applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of the ownership, maintenance or use of 1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572 and operations necessary or incidental to 1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.)

27.     Pursuant to GSC-GL-001 (09/07) Combined General Liability Endorsement, the Policy is also subject to an Independent Contractors Special Condition that provides as follows:

> If you hire contractors, it is a condition of coverage that you use only those that are insured for Commercial General Liability coverage with limits at least equal to the limits of this policy. You should be named as an Additional Insured on their policy and you should obtain copies of certificates of insurance confirming this. Failure to comply will invalidate this insurance.

(See Ex. A, Form GSC-GL-001 E (09/07)).

## UNDERLYING LAWSUIT

28.     On December 1, 2008, the Bernhardts brought suit against Hali Plaza in the action styled, *Camilla Bernhardt and Brian Bernhardt v. Michael and Edith Halikoytakis d/b/a Hali Plaza, et. al.*, Case No. 08-CA-027260, in the Circuit Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida (the "Underlying Lawsuit"). A copy of the Second Amended Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "B"**.

29.     In the Second Amended Complaint in the Underlying Lawsuit, the Bernhardts seek recovery of compensatory damages for alleged bodily injuries Ms. Bernhardt sustained as a result of a slip and fall on June 11, 2008.

7

30.     In the Second Amended Complaint in the Underlying Lawsuit, the Bernhardts allege that Hali Plaza "operated a business at or near 1422 Apollo Beach Boulevard, Apollo Beach, Florida 33572" (hereinafter, the "Hali Plaza Stip Plaza").  (See Ex. B, ¶ 7).

31.     At all pertinent times, Point Builders allegedly "was engaged in construction, maintenance and/or repair of a parking lot at 1422 Apollo Beach Boulevard, Apollo Beach, Florida 33572."  (See Ex. B, ¶ 8).

32.     The Bernhardts allege that Hanna Wassef Fouad and Madlein Mishriki "owned the vacant real estate on Apollo Beach Boulevard, Apollo Beach, Florida 33572 with the parcel number U-17-31-19-ZZZ-000001-747800" and that Hanna Wassef Fouad and Madlein Mishriki "did supervise, maintain, and/or control the subject property where Plaintiff was injured." (See Ex. B, ¶ 9 and 10).

33.     The Bernhardts allege that "parcel number U-17-31-19-ZZZ-000001-747800" on Apollo Beach Boulevard, Apollo Beach, Florida 33572, (the "Vacant Lot") is a vacant lot across the street from the Hali Plaza Stip Plaza at 1422 Apollo Beach Boulevard, Apollo Beach, Florida 33572 and that Defendants used the Vacant Lot as a staging area for trucks and equipment, which damaged the sidewalk at the Vacant Lot.  (See Ex. B, ¶ 14).

34.     In the Second Amended Complaint in the Underlying Lawsuit, the Bernhardts claim that Craig Belfatto and Eileen Belfatto owned the residence located at "1435 Apollo Beach Blvd., Apollo Beach, Florida 33572" (the "Residential House") and "did supervise, maintain, and/or control the subject property where Plaintiff was injured." (See Ex. B, ¶11 and 12).

35.     The Bernhardts claim that the subject sidewalk was adjacent to Craig Belfatto and Eileen Belfatto's Residential House located at "1435 Apollo Beach Blvd., Apollo Beach, Florida

8

33572" and that Defendants used the Vacant Lot as a staging area for trucks and equipment, which damaged the sidewalk adjacent to their Residential House. (See Ex. B, ¶ 41).

36.    The Second Amended Complaint in the Underlying Lawsuit alleges the four counts against Defendants: (I) cause of action against Hali Plaza; (II) cause of action against Point Builders; (III) cause of action against Hanna Wassef Fouad and Madlein Mishriki; and (IV) cause of action against Craig Belfatto and Eileen Belfatto. (See Ex. B).

### Count I of the Second Amended Complaint against Hali Plaza

37.    In Count I of the Second Amended Complaint in the Underlying Lawsuit, the Bernhardts allege that Hali Plaza negligently caused and permitted the sidewalk located across from 1422 Apollo Beach Blvd. "to be damaged by trucks and equipment used in connection on their property." (See Ex. B, ¶ 14).

38.    In Count I of the Second Amended Complaint in the Underlying Lawsuit, the Bernhardts allege that Camilla Bernhardt was jogging on the sidewalk at "parcel number U-17-31-19-ZZZ-000001-747800" when "the damaged sidewalk caused the Plaintiff [Ms. Bernhardt] to fall and sustain injuries...." (See Ex. B, ¶ 15).

39.    In Count I of the Second Amended Complaint in the Underlying Lawsuit, the Bernhardts allege the negligence of Hali Plaza consisted in:

> (1) Disregarding their duty and failing to use proper diligence in repairing the damage it had caused to the sidewalk; (2) Allowing the danger to exist for a long period of time, despite having actual or constructive knowledge of the danger it had caused due to the passage of time, through reasonable inspections or the occurrence of prior similar incidents; (3) Failing to warn or notify persons walking along the sidewalk of the sidewalk's dangerous condition which they had caused.

(See Ex. B, ¶ 16).

9

40.    In Count I of the Amended Complaint in the Underlying Lawsuit, the Bernhardts allege that their injuries were caused solely by the negligence of Hali Plaza's negligence. (See Ex. B, ¶ 18).

## GENERAL ALLEGATIONS

41.    Hali Plaza retained Point Builders, Inc. (hereinafter, "Point Builders") to fill a retention pond and develop a parking lot on the subject premises.

42.    On or about March 13, 2008, Hali Plaza received a Proposal for Professional Construction Services (hereinafter, the "Proposal") from Point Builders regarding the retention pond and parking lot on the subject premises. A copy of the executed Proposal dated March 14, 2008, is attached as **Exhibit "D"** and incorporated as if set forth herein.

43.    The Proposal contained a contract, which included General Conditions. (See Ex. D).

44.    Mid-Continent Insurance Company issued Policy No. 04-GL-00713353 (the "Mid-Continent Policy") to Point Builders, effective April 24, 2008 to April 24, 2009. A copy of the Policy is attached as **Exhibit "E"** and incorporated as if set forth herein.

45.    On February 11, 2009, which was after the June 11, 2008 incident, William-Hess Insurance issued a Acord Certificate of Insurance to Point Builders stating that Hali Plaza is a Certificate Holder under the Mid-Continent Policy ("Certificate of Insurance"). A copy of the Certificate of Insurance is attached hereto as **Exhibit "F"** and incorporated as if set forth herein.

46.    Hali Plaza tendered the Bernhardts' claim and Underlying Lawsuit to Point Builders and Mid-Continent for defense and indemnity under the Mid-Continent Policy. A copy of a February 3, 2009 letter from Peninsula Insurance Bureau to Mid-Continent tendering the

Bernhardts' claim and Underlying Lawsuit is attached hereto as **Exhibit "G"** and incorporated as if set forth herein. A copy of a February 20, 2009 letter from William P. Schoel, Esq., defense counsel for Hali Plaza, to Mid-Continent Insurance is attached hereto as **Exhibit "H"** and incorporated as if set forth herein.

47.     By letter dated April 20, 2009, Mid-Continent denied coverage, for defense and indemnity, to Hali Plaza in reference to the damages and claims arising from a June 11, 2008 incident and that are the subject of the Underlying Lawsuit. A copy of a April 20, 2009 letter from Harold Saul, Esq., defense counsel for Point Builders retained by Mid-Continent, declining coverage to Hali Plaza on behalf of Mid-Continent is attached hereto as **Exhibit "I"** and incorporated as if set forth herein.

**COUNT I - DECLARATORY JUDGMENT**

48.     Underwriters adopt and incorporate by reference the allegations set forth in Paragraphs 1 through 47 above as though completely and fully set forth herein.

49.     An actual, present and existing controversy exists among the parties to this lawsuit regarding whether the Policy provides coverage, for defense or indemnity, to Hali Plaza for the damages and claims arising from a June 11, 2008 incident and that are the subject of the Underlying Lawsuit.

50.     All conditions precedent to filing this action have been performed or have occurred.

51.     Underwriters contend that they have no duty to defend and/or indemnify Hali Plaza under the Policy for the Bernhardts' claims and damages in the Underlying Lawsuit.

11

52.     The Insuring Agreement of Coverage A—Bodily Injury and Property Damage Liability of the Policy states that Underwriters will "pay those sums that [Hali Plaza] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . .However, [Underwriters] will have no duty to defend [Hali Plaza] against any 'suit' seeking damages for 'bodily injury' or 'property damage'  to which this insurance does not apply." (See Ex. A, Section I(1)).

53.     The Policy's insurance applies to "bodily injury" and  "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" and that occurs during the policy period. (See Ex. A, Section I(1)).

54.     Pursuant to the Classification Limitation, the Policy "applies only to locations and operations that are described under 'business description' and/or 'classification' on the Declarations page or Extension of Declaration page of [the Policy]." (See Ex. A, Form GSC-GL-001 E (09/07)).

55.     The business description in the Common Policy Declarations of the Policy is "Property Owner/LRO [Lessor's Risk Only]" for the premises located at 1422-1440 Apollo Beach Boulevard, Apollo Beach, Florida, 33572. (See Ex. A, Common Policy Declarations).

56.     According to the Supplemental Declarations, the classification for the Policy is "Buildings or Premises-bank or office-mercantile or manufacturing (LRO)."  (See Ex. A, Supplemental Declarations).

57.     The claims and damages arising from this loss and that are the subject of the Underlying Lawsuit arise from a June 11, 2008 incident that occurred on a sidewalk located

across from the subject Hali Plaza Strip Plaza, and are therefore excluded under the Classification Limitation.

58.     Pursuant to the Limitation of Coverage to Designated Premises or Project Endorsement of the Policy (Form No. CG 21 44 07 98), the insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of 1) the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises, or 2) the project shown in the schedule. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.)

59.     The Limitation of Coverage to Designated Premises or Project Endorsement states that if no entry appears in the endorsement as to premises or project, information required to complete the endorsement will be shown in Declarations as applicable to the endorsement. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.) The Declarations page lists the "Location of all premises you own, rent or occupy" as "1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572." (See Ex. A, Supplemental Declarations.)

60.     Pursuant to the Limitation of  Coverage to Designated Premises or Project Endorsement, the Policy applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of the ownership, maintenance or use of 1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572 and operations necessary or incidental to 1422-1440 Apollo Beach Boulevard, Apollo Beach,

13

Hillsborough County, FL 33572. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.)

61.    The claims and damages arising from this loss and that are the subject of the Underlying Lawsuit arise from a June 11, 2008 incident that occurred on a sidewalk located across from the subject premises, and are therefore do not arise out of the ownership, maintenance or use of 1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572 and operations necessary or incidental to 1422-1440 Apollo Beach Boulevard, Apollo Beach, Hillsborough County, FL 33572. (See Ex. A, Limitation of Coverage to Designated Premises or Project Endorsement Form No. CG 21 44 07 98.)

62.    Pursuant Independent Contractors Special Condition, the Policy provides as follows:

> If you hire contractors, it is a condition of coverage that you use only those that are insured for Commercial General Liability coverage with limits at least equal to the limits of this policy. You should be named as an Additional Insured on their policy and you should obtain copies of certificates of insurance confirming this. Failure to comply will invalidate this insurance.

See Ex. A, Form GSC-GL-001 E (09/07)).

63.    Hali Plaza failed to comply with the Independent Contractors Special Condition of the Policy by failing to be named as an additional insured on Point Builder's commercial general liability insurance with limits at least equal to the subject Policy when it hired Point Builders as a contractor.

64.    Point Builder's commercial general liability insurer, Mid-Continent, has not agreed that Hali Plaza is an additional insured under the Mid-Continent Policy. Further, Mid-

Continent has denied coverage, for defense and indemnity, to Hali Plaza regarding the claims in the Underlying Lawsuit.

65.     Hali Plaza's failure to comply with the Independent Contractors Special Condition of the Policy invalidates the Policy.

66.     In addition to the foregoing provisions, Underwriters plead all other conditions, terms, warranties, limits, definitions and exclusions of the Policy, which also may be found to be applicable, and reserve the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff Underwriters prays that this Honorable Court enter a judgment declaring that:

(a)     The Policy is invalidated due to failure to comply with the Independent Contractors Special Condition of the Policy;

(b)     Underwriters have no duty to defense and indemnify Hali Plaza for damages arising from the June 11, 2008 incident and that are the subject of the Underlying Lawsuit;

(c)     Underwriters have the right to withdraw from defending Hali Plaza in the Underlying Lawsuit; and

(d)     any further relief the Court deems proper, including but not limited to, an award of fees and costs in this action and reimbursement of defense fees and costs incurred by Underwriters on behalf of Hali Plaza in the Underlying Lawsuit

Dated this **June 9, 2009.**

15

Respectfully submitted,

**PHELPS DUNBAR LLP**

JULIE K. LINHART, ESQ.
Fla. Bar No. 0571601
linhartj@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive • Suite 1900
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
**Trial Attorneys for Plaintiff Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 9214**

16