UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTAIN INTERESTED
UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO
CERTIFICATE OF INSURANCE
NO. 9214,

        Plaintiff,

v.                                   CASE No. 8:09-CV-1081-T-17TGW

MICHAEL HALIKOYTAKIS,
d/b/a HALI PLAZA, et al.,

        Defendants.

_____

## REPORT AND RECOMMENDATION

Costs were taxed in this case in the amount of $4,816.75 by the

Clerk in favor of the plaintiff, Certain Interested Underwriters at Lloyd's,

London Subscribing to Certificate of Insurance No. 9214 ("Lloyd's"), as the

prevailing party. Defendants Camilla and Brian Bernhardt filed a timely

Motion to Review the Clerk's Taxation of Costs (Doc. 53). Defendants

Michael and Edith Halikoytakis filed an untimely Motion for Review of

Clerk's Taxation of Costs (Doc. 54). The motions were referred to me for a report and recommendation (Doc. 58).

Upon consideration and a review of the materials submitted, I recommend that the court determine that the award of costs does not pertain to the Bernhardts, not only because they played no meaningful part in this lawsuit, but also because judgment was not entered against them. I recommend further that the Halikoytakis's motion be denied because no excuse was given for its untimeliness.

I.

In this insurance coverage dispute, Lloyd's obtained a declaratory judgment against Michael and Edith Halikoytakis (Doc. 44). Lloyd's then filed a bill of costs to be taxed against the defendants under Rule 54(d), F.R.Civ.P., and 28 U.S.C. 1920 (Doc. 46). On May 2, 2011, the Clerk taxed costs in the amount of $4,816.75 against all defendants (Doc. 50).

Subsequently, defendants Camilla and Brian Bernhardt timely filed on May 5, 2011, a motion to review the Clerk's taxation of costs (Doc. 53). The Bernhardts allege that, as plaintiffs in the underlying personal injury lawsuit, they were brought into the instant insurance coverage case as an indispensable party (id., p. 2). Further, the Bernhardts contend that they have

no obligation to reimburse the plaintiff for the costs taxed by the Clerk because they "had no involvement or participation whatsoever in the litigation that ensued between Lloyd's of London and its insured" (id.).

Defendants Michael and Edith Halikoytakis challenged the taxation of costs only on the ground that the plaintiff's request for reimbursement of $1,636.50 for photocopies was not adequately detailed (Doc. 54). However, the plaintiff argued in its reply that the Halikoytakis's motion for review of Clerk's taxation of costs was untimely (Doc. 59, pp. 1-2).

## II.

The plaintiff's contention that the Halikoytakis's motion was late is well-taken. Pursuant to Rule 54(d)(1), F.R.Civ.P., a motion to review the Clerk's action must be served within the next seven days after the taxation of costs. In this case, the Clerk taxed costs against the defendants on May 2, 2011 (Doc. 50). The motion to review the bill of costs by defendants Michael and Edith Halikoytakis was not filed until May 13, 2011 (Doc. 54). Importantly, the defendants' motion was not accompanied by any motion requesting leave to file the motion out of time, and it did not contain any justification for the untimely filing. Moreover, after the plaintiff raised the

issue of timeliness, the defendants made no attempt to file a reply excusing the tardiness. See Corwin v. Walt Disney Co., 475 F.3d 1239, 1254-55 (11th Cir. 2007).

It is important to disapprove an unjustified and unexcused failure to comply with a (nonjurisdictional) filing deadline. If such deadlines are never enforced, they become meaningless. If they are only enforced sometimes, they are subject to the complaint of arbitrary application.

The Bernhardts were able to file their motion on time, and there is no apparent reason why Michael and Edith Halikoytakis could not have also done so. Accordingly, their motion should be denied.

With respect to the Bernhardts, they were dragged into this lawsuit by the plaintiff. They had virtually no role in this lawsuit. Moreover, no relief was entered against them; the judgment was only against Michael and Edith Halikoytakis (Doc. 44). Accordingly, there is no justification for ordering the Bernhardts to pay any costs.

For these reasons, I recommend that Defendants' Motion for Review of Clerk's Taxation of Costs (Doc. 54) filed by Michael and Edith Halikoytakis be denied. I recommend further that Defendants, Camilla Bernhardt and Brian Bernhardt's Motion to Review Clerk's Taxation of Costs

4

(Doc. 53) be granted to the extent that these defendants are not required to

pay any of the costs that have been taxed.

Respectfully submitted,

THOMAS G. WILSON

DATED: JUNE /<u>Q</u>, 2011    UNITED STATES MAGISTRATE JUDGE


NOTICE TO PARTIES

Failure to file written objections to the proposed findings and

recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings

on appeal.  28 U.S.C. 636(b)(1).