UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTAIN INTERESTED
UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO
CERTIFICATE OF INSURANCE NO.
9214,

      Plaintiff,

v.                                       CASE No. 8:09-CV-1081-T-17TGW

MICHAEL and EDITH HALIKOYTAKIS,
d/b/a HALI PLAZA, et al.,

      Defendants.

---

## REPORT AND RECOMMENDATION

In this insurance coverage dispute, the plaintiff, Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate of Insurance No. 9214 ("Lloyd's"), obtained a declaratory judgment that it had no duty to defend or indemnify the defendants, Michael and Edith Halikoytakis, d/b/a Hali Plaza ("Hali Plaza"), in an underlying lawsuit brought by Brian and Camilla Bernhardt ("the Bernhardts") (Doc. 44). Lloyd's now seeks reimbursement for the fees and costs paid to defend Hali Plaza in that lawsuit.

The Plaintiff's Motion for Reimbursement of Defense Fees Paid on Behalf of Defendant, Michael and Edith Halikoytakis d/b/a Hali Plaza (Doc. 45) was referred to me for a report and recommendation (Doc. 49). After holding a hearing limited to the question of entitlement to fees, I recommend that the Plaintiff's Motion for Reimbursement of Defense Fees be granted with respect to that issue. By agreement of the parties, the amount of reimbursement has yet to be determined.

I.

In June 2008, Camilla Bernhardt sustained injuries while running on the sidewalk across the street from Hali Plaza's property (Doc. 1, pp. 7-9). Subsequently, the Bernhardts filed suit against Hali Plaza in the Hillsborough County Circuit Court (id., p. 7). The Bernhardts alleged that the portion of the sidewalk where Camilla Bernhardt fell was damaged when Hali Plaza allowed its contractor to store heavy equipment in the vacant lot adjacent to the sidewalk (id., pp. 8-9).

After the filing of the Bernhardts's complaint in December 2008, Lloyd's retained Butler Pappas Weihmuller Katz Craig LLP ("Butler Pappas") to defend Hali Plaza (Doc. 1, p. 7; Doc. 45, p. 2). Butler Pappas filed a notice of appearance on behalf of Hali Plaza on December 30, 2008 (Doc. 52-1, Ex.

1). Thereafter, on January 30, 2009, Butler Pappas sent a "Statement of Insured Client's Rights" to Hali Plaza (Doc. 65, p. 1). Hali Plaza subsequently signed the "Statement of Insured Client's Rights" (Doc. 65-1).

On February 3, 2009, Lloyd's sent a reservation of rights letter to Hali Plaza, indicating that Lloyd's would defend Hali Plaza in the Bernhardt lawsuit and identifying Butler Pappas as defense counsel (Doc. 45, p. 2; Doc. 45-1). The reservation of rights letter stated that the defense was "subject to a full reservation of rights," including the right to "seek reimbursement of defense costs ... if it is later determined that no coverage is owed under the Policy for this matter" (Doc. 45-1, pp. 1, 5). Hali Plaza did not sign or otherwise acknowledge the reservation of rights letter (Doc. 52, p. 2), but it does not dispute its receipt of the letter.

Butler Pappas has represented Hali Plaza in the underlying lawsuit for more than two years, during which time Lloyd's has paid all of Butler Pappas's defense fees and costs (Doc. 45, p. 2). As a result of this defense, Butler Pappas obtained summary judgment in favor of Hali Plaza. The matter is now on appeal to the Florida Second District Court of Appeal.

In June 2009, Lloyd's brought the instant declaratory judgment action against Hali Plaza (Doc. 1). Thereafter, Lloyd's filed a motion for

summary judgment, arguing that it did not have a duty to defend or indemnify Hali Plaza in the underlying lawsuit (Doc. 36). This court granted the motion for summary judgment (Doc. 43), and the Eleventh Circuit affirmed that decision on appeal (Doc. 69).

Lloyd's now contends that, based on the rulings of this court and the Eleventh Circuit, it is entitled to reimbursement of the fees and costs it paid to Butler Pappas for the defense of Hali Plaza (Docs. 45, 65). Hali Plaza opposes Lloyd's entitlement to reimbursement, arguing that there was no agreement between the parties regarding reimbursement of fees, and the reservation of rights letter did not establish any such agreement (Doc. 52).

II.

Lloyd's relies upon two Florida state court decisions, Jim Black & Assocs., Inc. v. Transcontinental Ins. Co., 932 So.2d 516 (Fla. 2d DCA 2006) and Colony Ins. Co. v. G&E Tires & Service, Inc., 777 So.2d 1034 (Fla. 1st DCA 2000), to support its position of entitlement (Doc. 45). Accepting what purports to be the majority rule, these cases hold that an insurer, having properly sent its insured a reservation of rights letter, is entitled to reimbursement of fees and costs incurred in the defense of the insured if there was no duty to defend or indemnify. Jim Black & Assocs., Inc. v.

Transcontinental Ins. Co., supra, 932 So.2d at 518; Colony Ins. Co. v. G&E Tires & Service, Inc., supra, 777 So.2d at 1039. These cases conclude that an insured "necessarily agree[s] to the terms on which [the insurer] extend[s] the offer" when it accepts the defense. Colony Ins. Co. v. G&E Tires & Service, Inc., supra, 777 So.2d at 1036; Jim Black & Assocs., Inc. v. Transcontinental Ins. Co., supra. In other words, a contract was formed when the insurer agreed to provide a defense on the condition that, if it were later determined that it had no duty to provide a defense, it could recoup what it had paid for the defense, and the insured accepted that conditional offer by allowing the defense to be presented on its behalf.\*

Lloyd's correctly argues, in its reply, that Florida state law is binding on this court pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) (Doc. 65, p. 4). Galindo v. ARI Mutual Ins. Co., 203 F.3d 771, 774-75 (11th Cir. 2000). Thus, Jim Black and Colony provide the controlling principles for deciding this matter.

---

\*The seminal case of Colony favorably cited a California case that based reimbursement on a theory of implied in law as quasi-contractual. 777 So.2d at 1038. However, Colony did not rely upon that theory, but predicated reimbursement on the contract theory of offer and acceptance.

Hali Plaza, in turn, relies upon the decision of Nationwide Mutual Fire Ins. Co. v. Royall, 588 F.Supp.2d 1306 (M.D. Fla. 2008), in which a claim for reimbursement was denied. In Royall, the insurer undertook to defend the insured under a reservation of rights and at a subsequent point asserted a right to reimbursement if there was no duty to defend. After finding that there was no duty to defend, the court considered whether there was a right to reimbursement under a contract theory of acceptance by acquiescence. Citing the Restatement (Second) of Contracts, the court stated that "the law appears to require, at a minimum, that there at least be some reasonable time for the offeree to reject the offer before acquiescence will be deemed an acceptance." 588 F.Supp.2d at 1318. The court then said (id.):

> Based generally on the relationship of insurers and insureds, and notwithstanding the sophistication (or lack thereof) of the insured, the insurer should be required to give the insured a specific, reasonable time (e.g., fifteen days) within which to accept or reject a written offer of a defense conditioned upon the reimbursement of fees and costs.

Predicated upon this requirement, the court in Royall denied reimbursement because the insurer did not give express notice that acquiescence would constitute acceptance.

Hali Plaza's counsel speculated at the hearing that the Florida Supreme Court may adopt the specific time frame for acceptance set forth in the Royall decision. However, the Florida Supreme Court has not done so to date. Importantly, the controlling decisions of Florida's intermediate courts of appeal are contrary to such a principle. The reservation of rights letters in both Jim Black and Colony contained no language stating a time limit for accepting or rejecting the defense, and in both cases reimbursement was awarded.

In February 2009, Hali Plaza received notice of Lloyd's offer of defense and the possibility that Lloyd's would later seek reimbursement of fees and costs associated with the defense. Despite having ample opportunity to do so, Hali Plaza did not reject this offer. Rather, Hali Plaza chose to remain silent while Butler Pappas successfully defended it for over two years. Thus, under the law of Florida, Lloyd's is entitled to reimbursement of fees and costs paid to Butler Pappas.

Finally, Hali Plaza argues that, to be effective, a reservation of rights letter must be sent to the insured at the very outset of any defense. However, such a requirement would be unreasonable because the insurer can be faced with having to investigate the issue of duty to defend while also having to respond quickly to the complaint.

In all events, Colony shows that there is no such requirement. Thus, the insurer sent a letter on April 23, 1998, stating that it would provide a defense subject to a reservation of rights, but did not reserve the right to seek reimbursement until a second letter was sent on May 19, 1998. 777 So.2d at 1036. In this case, the insurer sent its reservation of rights letter on February 3, 2009, and Butler Pappas filed an answer to the complaint on March 9, 2009. Florida law does not support a denial of reimbursement based upon the circumstances of this case.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Reimbursement of Defense Fees Paid on Behalf of Defendant, Michael and Edith Halikoytakis d/b/a Hali Plaza (Doc. 45) be granted to the extent that the plaintiff is entitled to reimbursement of defense fees paid to Butler Pappas. The specific amount of fees to be awarded will now be expeditiously resolved.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 21, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).