UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTAIN INTERESTED
UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO
CERTIFICATE OF INSURANCE
NO. 9214,

       Plaintiff,

v.                            CASE NO.  8:09-CV-1081-T-17TGW

MICHAEL and EDITH
HALIKOYTAKIS d/b/a
HALI PLAZA, et al.,

       Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 76   Report and Recommendation
Dkt. 79   Objection
Dkt. 81   Response to Objections

The assigned Magistrate Judge has entered a Report and Recommendation in
which it is recommended that Plaintiff's Motion for Reimbursement of Defense Fees
Paid on Behalf of Defendants Michael and Edith Halikoytakis d/b/a Hali Plaza (Dkt. 45)
be granted to the extent that Plaintiff is entitled to reimbursement of defense fees paid
to Butler Pappas, and the specific amount of fees will be expeditiously resolved.

Case No. 8:09-CV-1081-T-17TGW

Defendants Michael and Edith Halikoytakis object to the Report and Recommendation ("R&R").   Defendants argue that the R&R erroneously concludes that Colony Insurance Co. v. G & E Tires & Service, Inc., 777 So.2d 1034 (Fla. 1st DCA 2000) and Jim Black & Associates Inc. v. Transcontinental Insurance Co., 932 So.2d 516 (Fla. 2d DCA 2006) apply.   Defendants argue that the Colony exception, which allows insurers to receive reimbursement of defense fees, only applies when an insurer informs its insured of its reimbursement rights when providing a defense.  Defendants argue that Plaintiff did not do that, and therefore there is no cause to proceed further.

Defendants further argue that the doctrine of acceptance by acquiescence does not apply, because after a defense has already been provided and accepted, it is practically impossible for an insured to accept by acquiescence an insurer's unilateral attempt to insert an additional reimbursement term into the parties' agreement.  The agreement to defend has already been reached without mention of reimbursement, and an insured has no way to reject the reimbursement term because to reject the defense is perhaps to breach the policy.

Defendants argue that if the doctrine of acceptance by acquiescence does apply, in order to make an offer which could be accepted by acquiescence Plaintiff was required to inform Defendants that their silence would be taken as assent to reimbursing Plaintiff.

Defendants argue that the Report concluded that Colony applied to the instant case, but did not make the required finding that the Bernhardt loss was not even possibly covered under the Lloyd's policy.   Defendants argue that Colony only applies when the subject loss is not even possibly covered by the pertinent policy.  Defendants argue that the Bernhardt claim was possibly covered under the Lloyd's policy, so the Colony exception does not apply, and Plaintiff's motion should be denied.

2

Case No. 8:09-CV-1081-T-17TGW

Defendants do not contest the factual statements in the R&R but argue that additional facts are pertinent, summarized below:

1. The Bernhardts filed suit against Defendant Halikoytakis in December, 2008. Defendant Halikoytakis' insurance policy does not state that if Lloyds defends Halikoytakis from a claim under a reservation of rights, Lloyds can later recover its defense fees and costs if the claim is determined to be uncovered.

2. Lloyds retained Butler Pappas to defend Halikoytakis. Butler Pappas entered an appearance for Halikoytakis in the Bernhardt lawsuit on December 30, 2008. Lloyds provided a defense to Halikoytakis without informing Halikoytakis that it might later desire reimbursement of defense fees.

3. On February 3, 2009, Lloyds sent Halikoytakis a reservation of rights letter which stated in part that Lloyds reserved its right to seek reimbursement of defense fees if it eventually determined that the Bernhardt loss is not covered. Lloyds asked Halikoytakis to sign and return the letter in order to accept the defense under these terms. Halikoytakis did not sign the reservation of rights letter. Lloyds sent a very similar reservation of rights letter again in April, 2009. Halikoytakis did not sign the letter. The letters did not inform Halikoytakis that he would be held to have accepted the terms if he did nothing.

I. Standard of Review

The Court reviews de novo the portions of a Report and Recommendation, or specified proposed findings or recommendations, to which objections are asserted. See 28 U.S.C. Sec. 636(1)(c). The Court reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). After a careful and complete review of the findings and recommendations, the Court may accept, reject or modify the Report and Recommendation of the Magistrate Judge,

Case No. 8:09-CV-1081-T-17TGW

II. Discussion

In the R&R, the assigned Magistrate Judge noted that the reservation of right letters in <u>Jim Black</u> and <u>Colony</u> contained no language stating a time limit for accepting or rejecting the defense, and in both cases reimbursement was awarded.

The assigned Magistrate Judge further concluded that Defendants' contention that, to be effective, a reservation of rights letter must be sent to the insured at the very outset of any defense, is an unreasonable requirement. The Court noted that, in <u>Colony</u>, the insurer sent a reservation of rights letter on April 23, 1998, stating that it would provide a defense subject to a reservation of rights, but did not reserve the right to seek reimbursement until a second letter was sent on May 19, 1998. In this case, the insurer sent a Reservation of Rights letter on February 23, 2009, and Butler Pappas filed an answer to the Complaint in the Underlying Lawsuit on March 9, 2009.

The Court notes that the Underlying Lawsuit commenced in December, 2008. Butler Pappas entered a Notice of Appearance on December 30, 2008 (Dkt. 52-1). Butler Pappas sent a letter to Hali Plaza providing a "Statement of Insured Client Rights" on January 30, 2009. Plaintiff sent a Reservation of Rights letter to the Insured on February 3, 2009, in which Plaintiff proposed Butler Pappas as mutually agreeable defense counsel and reserved the right to seek reimbursement of defense fees if no coverage existed. On February 5, 2009, Hali Plaza signed the "Statement of Insured Client Rights" and acknowledged its rights regarding defense counsel. Butler Pappas filed an Answer on behalf of Hali Plaza on March 9, 2009.

The Court notes that on February 3, 2009, Plaintiff, through its independent adjuster, inquired whether the carrier for Point Builders, Inc., Mid-Continent Casualty Company, would provide a defense for Hali Plaza as an "additional insured." (Dkt. 1, Exh. F). On February 20, 2009, Plaintiff's counsel made a formal tender to Mid-

4

Case No. 8:09-CV-1081-T-17TGW

Continent Casualty Company, seeking a defense and indemnity. (Dkt. 1, Exh. H.)
Defendant Hali Plaza's request for a defense and indemnity was declined on April 30,
2009. (Dkt. 1, Exh. I).

The Court previously determined Plaintiff had no duty to defend, and this
determination was affirmed in the Eleventh Circuit Court of Appeals. Under Florida law,
an insurer's duty to defend is determined solely with regard to the allegations of the
complaint against which the  insurer is requested to defend. In granting summary
judgment to Plaintiff, the Court determined that the subject insurance policy was a
landlord/tenant policy rather than a commercial general liability insurance policy, and
there was no coverage based on the "Designated Premises" endorsement. The Court
further found Defendant admitted that Defendant did not ask to be included as an
additional insured on Point Builders, Inc.'s insurance policy, and that Defendant's
interpretation of the Independent Contractor Special Condition was not reasonable.

While it may be true that Butler Pappas entered its appearance in the Underlying
Lawsuit prior to entering into any agreement with Defendants to defend them, the Court
views the entry of an appearance as a means to signal that Defendants intended to
respond to the lawsuit, and to prevent the entry of a default. When parties are
represented, their counsel can agree to extend the time for response, under the
applicable rules of procedure.     In this case, it is clear that, although the lawsuit was
filed and required some form of response, Plaintiff was still investigating the coverage
available to Defendants.     A responsive pleading was not filed on behalf of Defendants
until after the Reservation of Rights letter was received, and Defendants had the
opportunity to respond.

Given the facts of this case, the Court finds that Plaintiff defended Defendants
Michael and Edith Halikoytakis d/b/a Hali Plaza under a Reservation of Rights letter
which informed Defendants that Plaintiff would seek reimbursement of attorney's fees

5

CASE NO. 8:09-CV-1081-T-17TGW

and costs.   Defendants had a reasonable time to accept or reject the defense.
Defendants never rejected the defense offered by Plaintiff, and never indicated any
intention to obtain individual counsel.   Therefore, Defendants Michael and Edith
Halikoytakis d/b/a Hali Plaza accepted the defense subject to the terms on which
Plaintiff offered the defense, which included the costs of the defense.

Defendants argued the same issues to the assigned Magistrate Judge.   After
consideration, the Court overrules the objections of Defendants Michael and Edith
Halikoytakis, and adopts and incorporates the Report and Recommendation.
Accordingly, it is

**ORDERED** that Defendants' Objections are **overruled**, and the Report and
Recommendation is **adopted and incorporated by reference** (Dkt. 76).  Plaintiff's
Motion for Reimbursement of Costs of Defense (Dkt. 45) is **granted.**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
2nd day of February, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

6